NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ZHU HE; CHUANSONG YOU,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-99

Agency Nos.
A209-153-725
A209-153-697

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2024[**]
Honolulu, Hawai'i

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Zhu He and her husband, Chuansong You, both natives and citizens of China,

petition for review of a decision by the Board of Immigration Appeals ("BIA")

dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and withholding of removal based on an adverse credibility determination.[1]  We have jurisdiction under 8 U.S.C. § 1252.

We review credibility determinations for substantial evidence based on "the totality of the circumstances."  *Ren v. Holder*, 648 F.3d 1079, 1084-85 (9th Cir. 2011).  We conclude that substantial evidence supports the agency's adverse credibility determination and deny the petition for review.

1. He argues that the IJ should not have considered statements made to obtain release on bond.  But the REAL ID Act, which applies here, allows consideration of "all relevant factors" in a credibility analysis, including statements "whenever made and whether or not under oath."  8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C).

2. Substantial evidence supports the IJ's findings that various aspects of Petitioners' testimony were implausible.

a. The IJ found implausible He's testimony that she avoided sanctions for having a second child based on a "verbal agreement" with local officials.  The IJ cited country condition reports, which documented that when He had that child, China had a well-enforced one-child limitation.  In light of those reports, it was reasonable to question how He could have avoided that limitation based only on an informal agreement.  Even if the IJ did not give He an adequate opportunity to explain this aspect of her narrative, based on the totality of the circumstances, the

---

[1]    You is a derivative beneficiary of He's application.

remaining evidence supports the adverse credibility determination.

b. He testified that she did not plan to go into hiding until her "pregnancy began to show," despite having an upcoming check-up with village contraception officials. It was reasonable for the IJ to find this testimony implausible because even if He's pregnancy was not visible, the scheduled check-up would reveal that she was expecting a third child, which would document a family planning violation.[2]

c. The IJ reasonably found Petitioners' explanations for inconsistencies in their household registration implausible. *See Dong v. Garland*, 50 F.4th 1291, 1300 (9th Cir. 2022) ("Although one suspect document is unlikely to constitute substantial evidence of adverse credibility on its own, under the totality of the circumstances, the BIA reasonably concluded that it supported the IJ's credibility determination."). Contrary to Petitioners' argument, the IJ provided a specific and cogent reason for rejecting their attempted explanation for the one registration inconsistency they challenge here.

d. The IJ reasonably relied on Petitioners' inability to explain why they obtained replacement passports shortly before traveling to the United States. Even assuming the IJ's statements about their possible motives were "speculation and

---

[2] We do not address Petitioners' arguments that they were not given an opportunity to explain this implausibility, as they did not exhaust this issue by raising it to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023).

conjecture," *Zhou v. Gonzales*, 437 F.3d 860, 865 (9th Cir. 2006), the IJ did not rely on Petitioners' motives, but rather on their inadequate explanation for why they obtained the replacement passports.

3. He argues that the IJ was required to provide her an opportunity to provide "corroborative evidence," *see Ren*, 648 F.3d at 1093, about her claim that she underwent a forced abortion. But this "requirement applies when the applicant's testimony is 'otherwise credible.'" *Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016) (quoting *Ren*, 648 F.3d at 1090). Because substantial evidence supports the IJ's finding that He was not credible, there was "no obligation to give [her] an additional opportunity to bolster her case by submitting further evidence." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

**PETITION DENIED.**

23-99